**James Lee MALENA, Plaintiff–
Appellant,**

v.

**Al RICHARD, Defendant–Appellee.**

No. 04–10663.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 10, 2004.

James Lee Malena, # 267290, Texas De-
partment of Criminal Justice Institutional
Division, Huntsville, TX, for Plaintiff–Ap-
pellant.

Michael Forest Nelson, Burt Barr &
Associates, Dallas, TX, for Defendant–Ap-
pellee.

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM: *

James Lee Malena (Malena), Texas pris-
oner # 267290, seeks leave to proceed *in
forma pauperis* (IFP) to appeal the dis-
trict court's dismissal of his 42 U.S.C.
§ 1983 action for failure to state a claim.
In his complaint, Malena asserted that Al
Richard (Richard) violated his due process
rights by not providing him with a disci-
plinary hearing before violations, occurring
at a halfway house, were reported to pa-
role authorities.

By moving for leave to proceed IFP,
Malena is challenging the district court's
certification that his appeal was not taken
in good faith because it is frivolous. *See
Baugh v. Taylor,* 117 F.3d 197, 202 (5th
Cir.1997); 28 U.S.C. § 1915(a)(3); Fed.
R.App. P. 24(a)(5). However, Malena has
not demonstrated any nonfrivolous ground
for appeal.

In *Morrissey v. Brewer,* 408 U.S. 471,
485–89, 92 S.Ct. 2593, 33 L.Ed.2d 484
(1972) the Supreme Court established that
in order to comply with due process, a

---

parolee must be afforded a preliminary probable cause hearing when he is arrested for a parole violation and a more through revocation hearing within a reasonable time after he is taken into custody. Malena does not contend that he was denied due process in the form of a preliminary hearing post-arrest for violating a condition of his parole. He cites no authority in support of his contention that he was entitled to a hearing prior to being arrested for the parole violation. Because the loss of liberty as a parole violator does not occur until the parolee is placed under arrest, Malena has failed to state a due process violation against Richard. *See Cook v. United States Att'y Gen.*, 488 F.2d 667, 669–71 (5th Cir.1974); *Deveny v. United States Bd. of Parole*, 565 F.2d 875, 878 (5th Cir.1978).

Accordingly, Malena's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2. Both the district court's dismissal and this court's dismissal of the instant appeal count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir.1996). Malena is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; THREE–STRIKES WARNING ISSUED.

---

\* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.